By the Court. Hoffman, J.—
The referee appears to have placed his decision chiefly upon the ground, that the refusal of the plaintiff to give the last certificate to the masons, and his general attention to the supervision of the work, entitled him to recover.
The default of the masons is admitted. Its effect upon the appearance of the room and otherwise, is found; and it was a defect as well as a deviation from the plan.
It may well be, that if a variation from the plans and specifications was of such a nature as not to be open to detection with ■ ordinary vigilance, and disclosed itself only at a future stage of the building, a refusal to give the certificate when the fault was discovered, would justify the architect in still claiming his compensation.
But if ordinary care in superintending the work could detect a fault and lead to its immediate correction, or subject the contractor to suspension of his next payment, or perhaps the forfeiture of his contract, the architect cannot set up the possibility of his employers 'obtaining redress by withholding a future payment, to prevent his own neglect defeating his own action. His undertaking was to superintend the progress of the building; and the contract with the masons placed them entirely under his control. The work was to be done to his satisfaction, and under his direction ; and his decision was to be final. The proposition cannot be maintained, that he can be entitled to his compensation in a *237 case of his own neglect, because the owner could have obtained pecuniary redress, in another mode, from another person who has also broken his contract in respect to the same matter.
According to the evidence in this case, the error could have been detected, and the work stopped to correct it, at least, when the second-story beams were laid. Full four instalments were paid, in certificates given by the plaintiff, as architect, after this was done. Besides, his attention was called to the height of the balcony by one of the witnesses.
It appears to ns, upon the testimony in this case, as it is now presented, that whatever may have been the general and deserved reputation of the plaintiff, and however strong the evidence of his giving such supervision as is ordinarily bestowed by architects, there was a failure in one particular, which is sufficient to defeat his action for the balance of his compensation.
Judgment reversed, and the report set aside. Hew trial ordered, and the rule of reference discharged. Costs to abide the event.*

 A person pursuing a privileged profession or trade, as an attorney, broker, or factor, is bound to exercise the care and skill properly belonging to the business he undertakes, and is responsible for the want of it. (Parson’s Merc. Lam, 156, note 8, and p 159.)